## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RUDOLPH MARTINEZ, JR.,
          Appellant,

          v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
DE-3443-14-0489-I-1

DATE: December 23, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Lance Taylor, Pueblo, Colorado, for the appellant.

Britannia Ingrid Hobbs, Fort Carson, Colorado, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    The appellant is employed as a Medical Support Assistant.  Initial Appeal File (IAF), Tab 10 at 4.  He filed an appeal alleging that the agency denied him the "opportunity for Sunday premium pay or equal pay opportunity."  IAF, Tab 1 at 5.  In response to the administrative judge's acknowledgement order, which stated that the Board might not have jurisdiction over his appeal, IAF, Tab 3, the appellant stated that he was also claiming whistleblower reprisal, IAF, Tab 7. The administrative judge then issued an order to show cause that set forth the jurisdictional requirements for a whistleblower reprisal claim.  IAF, Tab 8.  In his initial decision, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 12, Initial Decision (ID).  He found that the appellant's claim that he was denied premium pay was not an appealable action and that the Board lacked jurisdiction over both the appellant's assertion that the agency violated the Equal Pay Act without an otherwise appealable action and the whistleblower reprisal claim because the appellant had not shown that he exhausted his administrative remedies before the Office of Special Counsel (OSC).  ID at 2-6.

¶3    The appellant has filed a timely petition for review arguing that the agency discriminated against him and denied him pay for premium time that he had already worked.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response, PFR File, Tab 4, and the appellant has filed a reply, PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4    First, we find that the administrative judge was correct that the Board does not have jurisdiction over the appellant's claim that the agency denied him the opportunity to earn premium pay.  ID at 2-3.  The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  In this case, the appellant argues that the agency denied him the opportunity to rotate to a Sunday shift during which he would receive premium pay.  IAF, Tab 1 at 5.  However, the Board has consistently held that only agency assignments that result in a reduction of an employee's "basic rate of pay" are appealable to the Board.  *See Mitchell v. Department of Defense*, 46 M.S.P.R. 154, 159 (1990).  Accordingly, the administrative judge correctly concluded that the Board does not have jurisdiction over this issue.

¶5    Next, we find that the administrative judge was correct that the Board does not have jurisdiction over the appellant's claim that the agency violated the Equal Pay Act of 1963, 29 U.S.C. § 206(d).  ID at 3-4.  Absent an otherwise appealable action, the Board lacks jurisdiction over discrimination and equal pay claims because 5 U.S.C. § 2302(b) is not an independent source of Board jurisdiction.  *See Morales v. Social Security Administration*, 108 M.S.P.R. 583, ¶ 5 (2008) (citing *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980)).

¶6    Additionally, the administrative judge correctly found that the Board does not have jurisdiction over the appellant's claim of whistleblower reprisal because the appellant failed to exhaust his administrative remedies before OSC.  ID at 4-6.  The Board has jurisdiction over an individual right of action appeal if an

appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371-72 (Fed. Cir. 2001). Because the appellant failed to establish that he exhausted his administrative remedy before OSC, the Board lacks jurisdiction to consider his claim of whistleblower retaliation. *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 15 (2014).

¶7        Finally, we do not consider the appellant's arguments on petition for review that he was not paid for premium time that he has already worked and that the agency discriminated against him. PFR File, Tab 1 at 4-6. The appellant has not shown that these arguments are based on new and material evidence or legal argument that, despite his due diligence, was not available when the record closed. 5 C.F.R. § 1201.115(d). In any event, even if we considered these arguments, they would not change our finding that the Board lacks jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge

the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.